UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KATE BLAIR et al.                                                                            PLAINTIFFS

v.                                                                   CIVIL ACTION NO. 5:08-CV-197-R

JAMES ANDERSON et al.                                                                      DEFENDANTS

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's, Kate Blair's, motion for immediate order of protection (DN 5). Plaintiff's complaint appears to allege that her confidential accounts, which she holds as a single woman with no dependents, have been accessed and that "criminal acts of violence" have been done to her as well as verbal threats of bodily harm. Plaintiff has now filed the instant motion for protection, which the Court interprets to be a motion for a preliminary injunction. Much of the motion is illegible. It appears that she requests an order from this Court to stop theft of Plaintiff's power-of-attorney rights and to stop verbal threats made against her. She states, among other things, that she:

> has reason to be terrified of them all because of the criminal offenses threats of bodily harm and also death caused me by them intentionally as my attorneys and my 2 power of attorney holders and others know they are 100% capable of killing me and have verbally threatened to do so more than once to force them with help of a county attorney my 2 power of attorney holders and key state police to [illegible] be forced to obey [illegible] and United States written laws that legally pertains to the legally single female with no dependent children to stop verbal communication to stop criminal conspiracy intentional deprivation of state and federal rights . . . .

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper:

(1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 903 (6th Cir. 1991).  The court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of the plaintiff's case on the other factors.  *Golden v. Kelsey-Hayes Co.,* 73 F.3d 648, 657 (6th Cir. 1996).  The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue.  *Int'l Longshoremen's Ass'n*, 927 F.2d at 903.

The Court will consider the second of the four preliminary-injunction factors first since a specific finding of irreparable injury to the movant is the single most important element which a court must examine when evaluating a motion for a preliminary injunction.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (remedy of preliminary injunction is unavailable absent showing of irreparable injury); *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990).  The Sixth Circuit has stated that it "has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982).  "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued."  *Id.* at 103.

To demonstrate irreparable harm, the plaintiff must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated."  *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  Plaintiff's allegation of harm appears to be that her rights are being infringed and that she fears physical harm.  She offers nothing in support of this contention.  She does not even

identify clearly who she wants enjoined.  Her allegation of potential harm is purely speculative, and "[t]he speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled."  *Lyon*s, 461 U.S. at 111.  Because Plaintiff has not shown irreparable harm, a preliminary injunction is not warranted.  *See Friendship Materials, Inc.*, 679 F.2d at 103.

      **WHEREFORE**, the Court **DENIES** Plaintiff's motion for immediate order of protection (DN 5).

Date:


cc:    Plaintiff Blair, *pro se*

4413.009