## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**KATE BLAIR et al.**                                                                                               **PLAINTIFFS**

**v.**                                                                          **CIVIL ACTION NO. 5:08-CV-197-R**

**JAMES ANDERSON et al.**                                                                               **DEFENDANTS**

### MEMORANDUM OPINION

      This civil action was commenced by a complaint which listed three plaintiffs: Kate Blair, James Anderson, and Dwight Warren. Only Plaintiff Blair signed the complaint. The Court ordered that should Anderson and Warren wish to be considered plaintiffs in this action within 30 days of the Court's Order they must sign the complaint and either pay their share of the filing fee or submit an application to proceed without prepayment of filing fee. The Court warned that their failure to do so would result in the Court not considering them plaintiffs in this action. More than 30 days have passed, and neither Anderson nor Warren have responded to the Court's Order. Therefore, the Court does not consider them to be plaintiffs in this action.

      Since filing the complaint, Plaintiff Blair has filed a motion for immediate order of protection (DN 5). The Court has denied that motion (DN 6). The copy of the Court's Order has been returned to the Court by the U.S. Postal Service marked "Moved; Left no address; Unable to forward." Upon filing the instant action, Plaintiff Blair assumed the responsibility of keeping this Court advised of her current address and to actively litigate her claims. *See* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

      Plaintiff Blair has not advised the Court of a change of address, and neither notices from

this Court nor filings by Defendants in this action can be served on Plaintiff. In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Because it appears to this Court that Plaintiff Blair has abandoned any interest in prosecution of this case, the Court will dismiss the case by separate order.

Date:

cc:     Plaintiff Blair, *pro se*

4413.009